## QUINNETT vs. WASHINGTON.

1. Where goods are illegally taken under a distress warrant for rent, and money is paid to have them restored, an action will lie to recover back the money.

2. In such action double damages are not recoverable.

## ERROR to St. Louis Court of Common Pleas.

Woodruff & Field, *for Plaintiff in Error, insist:*

1. That by the common law the plaintiff below was not entitled to recover single damages, because the payment was made upon process provided by law. 1 Leigh's *Nisi Prius* cases, 64, and cases cited.

2. That by the statute the plaintiff below was not entitled to recover, under the evidence given in the case :—

1st. Because the section which gives the penalty, does not extend to the case of proceedings by warrant like the present, but in its terms applies only to a claim on execution. See Statutes of 1842-3, p. 247. §7, giving penalty only in case of proceedings "under foregoing provisions."

2nd. Because the remedy by that section is given only in case of *excess* of rent claimed and received. In the present case no excess of rent was proved or pretended.

3rd. Because the statute remedy is given only to the tenant proceeded against. In the case at bar, the proof is, that Ainsworth and Allen were the tenants, and against *them alone*, the warrant issued. As the statute is penal, and cannot be extended beyond its terms, and certainly not to the case of the plaintiff below who claimed to be a mere stranger to the proceedings.

On the two general grounds mentioned above, the instruction asked by the defendant below rests, and if they are sustained the instruction was improperly refused.

3. The account filed with the Justice is to be regarded as a declaration in two counts—the one at common law, the other under the statute. As the verdict was general, the Court committed plain error in giving judgment for double damages. Lowe & Forsythe vs. Harryman, 8 Mo. Rep. 352.

PRIMM & TAYLOR, *for Defendant in Error, insist:*

1. That the defendant in error was the tenant of the plaintiff in error, at the time the levy was made under the warrant, and if this proposition is true, then this action is well brought. Session acts of 1842 and 1843, title Landlords, p. 247, §7.

2. That the defendant in error was such tenant is beyond doubt, as the evidence shows that fact, and the finding of the jury sanctions the same.

3. The instruction asked for by plaintiff in error, although good law, was properly refused, as it was declaratory of an abstract principle of law, that the evidence did not warrant, and was not sufficiently broad in its terms. 1 Leigh's *Nisi Prius* 64. 6 Mo. Rep. 6.

4. The whole statute is to be taken in *pari materia*, and the first, seventh and ninth sections of said act construed in that sense, gives the defendant in error, this action.

5. The ninth section contemplates that the warrant shall issue to an officer commanding him to "distrain for rent any property subject to lien for rent," and not against the person, and does not even require that the tenant shall be summoned to appear before the Justice; so that if the defendant in error was in fact the tenant, and an excess of rent was collected by virtue of the provisions of said law, then the judgment is correct—the whole proceeding being *in rem* and not *in personam.*

6. The finding of the jury is in accordance with the facts, and the Court did not err in doubling the damages, for the statute expressly gives to the plaintiff double damages, and the Court was charged with that duty. 1 Mo. Rep. 201.; 4 Mo. Rep. 564.

7. The Court did not err in overruling the motion in arrest of judgment, for the defect, if any, is cured by the statute. Rev. Code 1845, 8th and 9th divisions of section seven, and section eight.

8. That admitting for the argument, that the statute contemplates a case different from the one made out by the defendant in error, and that money obtained by compulsion of legal process, i. e. judgment in a court of justice cannot in general be recovered back, yet there must be *bona fides* on the part of the person receiving the money, which was not the case here, and in the absence of such good faith the action will lie, and if so, and the defendant in error has recovered too much damages, this Court will enter up a *remittitur.* As to the action being maintained, see 1 Leigh's *Nisi Prius*, p. 64, and the authorities cited. As to the *remittitur*, see Rev. Co. 468-9, and 4 Mo. Rep. 423.

SCOTT, J., *delivered the opinion of the Court.*

This was a proceeding under the act of Assembly entitled, "An Act concerning landlords and tenants in St. Louis county," approved Feb'y 25th, 1843. Session Acts 247. Under the 9th section of this act a distress warrant was sued out by Quinette against Rensler Ainsworth and Jediah Allen, to recover the sum of $563 due for rent. The officer was directed by Quinnett out of the goods of Washington, who was alleged to be a sub-tenant of Ainsworth & Allen, to make the sum of $32 90, which was said to be the amount due by Washington as sub-tenant. His goods were accordingly distrained, and he paid the sum of $32 90 to regain possession of them. Washington denied that he was sub-tenant of Ainsworth & Allen, but claimed to hold the premises he occupied as tenant of Quinnett for the rent of $12 per month payable in advance, and produced receipts from Quinnett witnessing the contract.

Under these circumstances, Washington sued Quinnett in a Justices' court for the sum paid, to have his goods restored. The case was afterwards taken by appeal to the St. Louis Court of Common Pleas, where on a trial Washington recovered the sum of $36 20, which was doubled by the Court, and judgment entered accordingly. Afterwards Washington entered a *remittitur* for the sum of twenty-five dollars.

On the trial the Court instructed the jury, that "if they find from the evidence that the plaintiff was an under tenant of Ainsworth & Allen, they will find for the defendant;" and refused to give this instruction at the instance of the defendant, "if the jury find that the money paid by the plaintiff was paid upon a claim made by the defendant, and was enforced by the defendant by means of a distress warrant at the time of the payment, then the plaintiff cannot recover even although the money paid was not in fact due."

It is very clear that the Court in entering judgment had no authority to double the sum found by the jury to be due to the plaintiff. It is the 7th section of the act above recited which gives double the amount of the excess of rent claimed by a landlord ; but is only given in the case provided for in the "foregoing provisions" of the act, that is in the six sections preceding the 7th. The proceedings in this case are under the 9th section, and were wholly independent of the influence of the 7th. The *remittitur* does not help the matter, as it was not for an amount equal to that by which the judgment was increased by the Court in doubling the sum found due by the jury.

We are of opinion that the Court properly refused the instruction asked by the defendant. This case is not within the principle stated, that money obtained by the compulsion of legal process is not recoverable back, although it be afterwards discovered that it was not due. The words "legal process" here used, mean judgments obtained in a Court of justice; and the principle above stated has only been asserted in cases where an action was brought to recover back money found not to be due, which had been previously recovered by judgment. Marriott vs. Hampton, 7 D. & E. 269. Milner vs. Duncan, 13 E. C. L. Rep. 293. Cadaval vs. Collins, 31 E. C. L. Rep. 206. A voluntary payment of an illegal demand to redeem goods, may be the subject of an action for money had and received. So if a person has property in his possession belonging to another and refuses to deliver it until money is paid, to which he has no right, and money is accordingly paid, it may be recovered. Shaw and others vs. Woodcock, 14 E. C. L. Reps. 14. So where a revenue officer seized goods as forfeited, which were not liable to seizure, and took money from the owner to release them, the latter recovered it back. Irving vs. Watson, 4 D. & E. 480—486. This is not like the case mentioned by some of the judges, of suit being brought in good faith by a plaintiff for a sum of money, believing that he is entitled to it, and the defendant in order to get rid of the suit, pays money which it turns out afterwards was not due. The goods of the defendant were wrongfully taken, for the jury has found that he was not a sub-tenant, and he was compelled, under pretence of law, to pay money in order to have them restored, and to hold that an action would not lie to recover it back would be a scandal to the law.

Judge NAPTON concurring, the judgment is reversed, and the cause remanded.